# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

United States of America )
v. )
) Case No. 2:25-mj-463
)
)
)
Michael Anthony HOUSTON )
*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of 04/14/2025 in the county of Franklin in the Southern District of Ohio, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A)(viii) and (b)(1)(C) | Possession with the intent to distribute 50 grams or more of methamphetamine and less than 40 grams of fentanyl |

This criminal complaint is based on these facts:
See attached Affidavit, which is fully incorporated herein.

☐ Continued on the attached sheet.

**RORY TWYMAN**
Digitally signed by RORY TWYMAN
Date: 2025.08.08 10:47:46 -04'00'

*Complainant's signature*

DEA Special Agent Rory Twyman
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 8, 2025

Kimberly A. Jolson
United States Magistrate Judge

City and state: Columbus, Ohio

# AFFIDAVIT

I, Rory Twyman, being duly sworn, depose and state the following:

## INTRODUCTION

1. I am a Special Agent with the Drug Enforcement Administration (DEA), and have been since December of 2024. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516. I am empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of 21 U.S.C. § 878.

2. I hold a bachelor's degree in communication studies from Ohio University. As a Special Agent, I have completed the DEA Basic Agent Training Academy, which is a 17-week course in Quantico, Virginia that included training in, among other things, surveillance, undercover operations, confidential source management, search warrant operations, interview and interrogation. As a Special Agent, my experience includes participating in criminal arrests, conducting physical surveillance, trash seizures, searching for evidence during court-authorized search warrants, and authoring search warrants as well as subpoenas. I continue to receive training on a daily basis by conducting criminal drug investigations and drawing from the expertise of agents more experienced than myself.

## PURPOSE OF AFFIDAVIT

3. This affidavit is made in support of an application for a federal arrest

1

warrant and complaint against Michael Anthony **HOUSTON (HOUSTON)** for knowingly and intentionally distributing: 50 grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii), and a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

4. My knowledge of this investigation is based upon my own personal observations, as well as the observations and investigations conducted by other law enforcement officers and investigators concerning the facts and circumstances involved in the subject investigation. I have not included in this Affidavit all the facts known to me, but only that information sufficient to establish probable cause to believe that **HOUSTON** has committed the above offense.

## SUMMARY OF PROBABLE CAUSE

5. In March 2025, members of the DEA Columbus District Office (CDO) began an investigation into an individual, identified for purposes of this affidavit as "SUBJECT 1". SUBJECT 1 is the suspected leader of a Drug Trafficking Organization operating in the Southern District of Ohio. Investigators received information from Detective Adam Steele of the Chillicothe Police Department, that SUBJECT 1 is a methamphetamine and fentanyl distributor operating in the Columbus and Chillicothe, Ohio areas.

6. On April 14, 2025, your Affiant was contacted by Detective Steele that known individuals from Chillicothe were headed to Columbus to purchase methamphetamine from SUBJECT 1. Detective Steele gathered the following

information from a Confidential Source ("CS")[1] being utilized by a local law enforcement office in the Southern District of Ohio:

    a. two individuals, Michael Anthony HOUSTON and a female identified by name, were traveling from Chillicothe to Columbus and were driving a blue Kia Optima, bearing Ohio registration "HELEN1" ("Kia"); and

    b. HOUSTON met with the CS on April 14 and advised that they were en route to Columbus that day to meet with SUBJECT 1, the CS knows HOUSTON to frequently meet with SUBJECT 1 to purchase methamphetamine.

7. Shortly after receiving this information, Detective Steele located the Kia traveling north on US-23. On the same date the information was received, investigators from the CDO established surveillance on SUBJECT 1 who was driving a black 2015 Buick Lacrosse, hereafter referred to as "Buick."

8. Continuing on the same date, at approximately 5:24 p.m., investigators observed SUBJECT 1's Buick parked inside the garage at Gina's Tire Service (2716 Sullivant Avenue, Columbus, Ohio) and SUBJECT 1 standing outside. A few minutes later, investigators observed the Kia pull into the parking lot of Gina's Tire Service. Investigators observed two individuals in the Kia, HOUSTON and the female identified for purpose of this affidavit as "SUBJECT 2" (the same female previously referenced in paragraph 6a).

9. At approximately 6:08 p.m., investigators observed the Kia follow the Buick leaving Gina's Tire Service, where surveillance was maintained on both the Buick and the Kia. Investigators observed the Buick and Kia drive to an apartment complex in

---

[1] The CS has been working with local law enforcement and DEA in an official capacity since March 2025. The CS is cooperating for prosecution consideration in a pending case, and has provided information to law enforcement that has resulted in the seizure of drugs and drug proceeds. The CS's information has been independently corroborated and as such, your Affiant believes the CS's information is reliable and credible.

Columbus, Ohio, and never observed the Kia or Buick make any other stops on the way to the complex.

10. At that location, investigators observed the Buick and Kia park in separate locations within the complex. Investigators observed SUBJECT 1 exit the Buick and walk into an apartment, located within the complex, for a short amount of time and then exit the apartment and enter the driver seat of the Buick. SUBJECT 1 then drove to where the Kia was parked. **HOUSTON** exited the Kia and walked over to the passenger side window of SUBJECT 1's Buick. Shortly after, **HOUSTON** walked back over to the Kia and entered the passenger seat and both vehicles then drove away from the apartment complex.

11. Investigators maintained surveillance on the Kia as it traveled back to Chillicothe and never observed the Kia make any other stops. At approximately 8:04 p.m., an Ohio State Highway Patrol (OSHP) Trooper conducted a traffic stop on the Kia on U.S 23 S, south of Blackwater Road for a traffic infraction. During the traffic stop, the OSHP Trooper observed suspected narcotics in plain view on the floor between **HOUSTON**'s legs. A probable cause search was conducted on the Kia and the trooper located a crystal-like substance concealed within a Ziplock bag, and a white powdery substance in a small plastic baggie on the passenger side floor where **HOUSTON** was sitting. The Trooper conducted a search of **HOUSTON** and found a rock-like substance in a small bag in **HOUSTON**'s pocket. Investigators field tested the white powdery substance (DEA Exhibit 2), the crystal-like substance (DEA Exhibit 3), and a rock-like substance (DEA Exhibit 4). The suspected narcotics were sent to the DEA North Central Laboratory for further analysis, and confirmed to be:

      a.       approximately 23.40 grams of fentanyl (Exhibit 2);

      b.       approximately 219.4 grams of methamphetamine (Exhibit 3); and

      c.       approximately 0.969 grams of cocaine base (Exhibit 4).

All drugs are Schedule II controlled substances.

12. Following the traffic stop on the same date, **HOUSTON** and SUBJECT 2 were transported to the OSHP Chillicothe Post and questioned. During the interview with **HOUSTON,** he (**HOUSTON**) stated he was directed to pick up a package for $250 in Columbus. **HOUSTON** stated he met with an individual in Columbus at a tire shop and followed that individual to an apartment complex where the individual tossed the drugs through the window (as noted above the individual that **HOUSTON** met with and **HOUSTON** identified as SUBJECT 1). When asked if he knew what the drugs were, **HOUSTON** replied yeah, and that he did because he was previously addicted to methamphetamine.

## CONCLUSION

13. Based upon the factual summary above, there is probable cause to believe that on or about April 14, 2025, in the Southern District of Ohio, **HOUSTON** did knowingly and intentionally distribute 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii), and a quantity of a mixture and substance containing a detectable amount of fentanyl, its salts, isomers and salts of its isomers, a Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

_____
Rory Twyman
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me
this  8th   day of August 2025.

_____
Kimberly A. Jolson
United States Magistrate Judge

6